UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SHERRI WILKERSON,**

           *Plaintiff*,

v.                                    Case No. 3:20-cv-917

**TOWN OF COLONIAL BEACH,**

**Serve: By Acceptance of Service of Process**
       **The Honorable Edward Blunt**
       **Mayor of the Town of Colonial Beach**
       **Designated Individual for Service - Va. Code §8.01-300(1)**
       **315 Douglas Ave**
       **Colonial Beach, VA 22443**

           *Defendant*.

## COMPLAINT

Sherri Wilkerson ("Ms. Wilkerson") brings this action against the Town of Colonial Beach ("Colonial Beach") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*.

## Parties

1. Ms. Wilkerson is a resident and domiciliary of the Commonwealth of Virginia. She is an individual who was 52 years old at the time she was terminated from her job with the Defendant Town of Colonial Beach ("Colonial Beach"), the particulars of which are more fully discussed below.

2. The Defendant Town of Colonial Beach ("Colonial Beach") is an incorporated town in the County of Westmoreland, Commonwealth of Virginia. Colonial Beach was Ms. Wilkerson's employer, as defined in 29 U.S.C. §630(b)(2), in that it is a political subdivision of the Commonwealth of Virginia.

**Jurisdiction, Exhaustion of Administrative Prerequisites, and Venue**

3. Jurisdiction lies properly in this Court pursuant to 29 U.S.C. §626(c)(1), 29 U.S.C. §217, and 28 U.S.C. §1331.

4. Ms. Wilkerson previously timely filed her administrative charge concurrently with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Office of the Attorney General, Division of Human Rights.

5. The EEOC issued Ms. Wilkerson a right-to-sue letter dated September 5, 2020.

6. This action is filed within 90 days of September 5, 2020.

7. Venue lies properly in this Court pursuant to 28 USC §1391(b)(1) and (2).

**Facts**

8. On May 15, 2019, Ms. Wilkerson was fired by her employer, Colonial Beach, because of her age, in violation of the Age Discrimination in Employment Act ("ADEA").

9. Colonial Beach employed 20 or more employees for each working day in each of 20 or more calendar weeks in 2019 and/or 2018. On information and belief, based on Colonial Beach's Position Statement filed with the EEOC, Colonial Beach had 60 employees during the applicable timeframe. Colonial Beach is considered an employer for the purposes of the ADEA, 29 U.S.C. §630(b), without regard to its number of employees.

10. Ms. Wilkerson was a 52-year-old woman at the time of her firing.

11. Ms. Wilkerson worked for Colonial Beach as the sole assistant to Val Foulds (former Town Manager) from October 13, 2008 through February 2018.

12. In February 2018, Ms. Wilkerson was reassigned to Finance Department for Colonial Beach by the new Town Manager, Quinn Robertson ("Mr. Robertson"). Mr. Robertson

was the only employee of Colonial Beach with the authority to terminate Ms. Wilkerson's employment.

13. Mr. Robertson reassigned Ms. Wilkerson based on her age rather than any legitimate work-related reasons.

14. Many of Ms. Wilkerson's remaining former duties were given to Maggie Lane, the new receptionist, who was a 19-year-old recent high school graduate that Mr. Robertson had formerly coached in high school sports.

15. At the Finance Department, Ms. Wilkerson was assigned the position of Payment Clerk by Lisa Okes and Adam Schaefer.

16. During the entire time Ms. Wilkerson was employed by Colonial Beach, she was a salaried employee.

17. In addition to her new Payment Clerk duties, Ms. Wilkerson was also directed to perform some of her former Town Manager assistant duties.

18. Ms. Lane often came to Ms. Wilkerson for help in completing Ms. Wilkerson's old duties.

19. This made for an extremely tense and hostile work environment where issues between Mr. Schaefer and Ms. Okes were taken out on Ms. Wilkerson, in plain view of her coworkers.

20. Ms. Wilkerson was regularly called in on the weekends to assist Ms. Foulds as the need arose, and Ms. Wilkerson was called to Town Hall at all hours of the night when the building alarm would malfunction – none of which time was counted on her timecards.

21. Ms. Wilkerson was only required and paid to work until 4:30 p.m.; but she was often on the phone with vendors or getting help with the accounting software from Edmunds Accounting Software that kept her in her office past 4:30 p.m.

22. Ms. Wilkerson would typically stay in the office after Mr. Oaks left.

23. Ms. Wilkerson had been put on medication which made frequent trips to the bathroom a necessity.

24. Mr. Schaefer and Ms. Okes would, on occasion, stand in the hallway waiting for Ms. Wilkerson to return to her office after a bathroom break.

25. Several Town employees overheard the Colonial Beach Town Manager, Quinn Robertson, say that he had issues with both Wilkerson's age and physical appearance. Robertson told Alyson Finchum (former Director of Building and Zoning) that it was "obvious [Wilkerson] didn't take care of herself." Robertson told Kathleen Flanagan (Town Clerk) that all employees have a "shelf life" and that "Wilkerson was approaching hers." He told Cindy Vaughan (Payment Clerk) that Wilkerson should pursue disability and leave her employment with the Town. All of these statements (particularly the one referencing a "self-life" for employees) provide direct evidence that Robertson wanted Wilkerson gone because of her age - she had, apparently, according to Robertson, exceeded her "shelf-life."

26. Robertson terminated Ms. Wilkerson's employment with Colonial Beach on May 15, 2019.

27. Shortly after Ms. Wilkerson was fired, as part of the job search to replace Ms. Wilkerson, Ms. Okes announced to other finance department members words to the effect of "Ok, guys, if anyone knows of someone who is **young** (emphasis added) and smart like Jalessa, we would like to know. We really need to get the ball rolling on hiring someone." This clearly

shows that Robertson fired Ms. Wilkerson because of her age and had voiced his preference (at least to Ms. Okes) for someone younger to replace her.

28. Ms. Willkerson was replaced in her position by Jalessa Hickman, a 28-year old woman.

29. At the meeting where Wilkerson was terminated on May 15, 2019, she was told in that the reasons for her termination were:

    a. The inability to produce a correct timecard.

    b. Use of personal cell phone on Town time.

    c. Use of Facebook and other social media sites on Town time.

    d. Inability to complete her assigned work.

30. Each of the reasons stated at the May 15, 2019 meeting was pretext to fire Ms. Wilkerson for her age.

31. Ms. Wilkerson had been told by her former boss, Val Foulds, that salaried employees were not required to turn in a timecard.

32. Ms. Wilkerson was a salaried worker and was not paid by the hour. No purported error on any timecard would have caused Colonial Beach to pay her any more money.

33. Ms. Wilkerson did not intentionally falsify any time entry. Any minor discrepancy in time records was caused by the differences in time between her computer and the clocks used by her supervisors to track her arrival and departure times.

34. Moreover, any discrepancies between the time Ms. Wilkerson logged in and time her supervisors thought she logged in was *de minimis*.

35. Colonial Beach did not provide Ms. Wilkerson with a desk phone to carry out her job requirements.

36. Ms. Wilkerson was, therefore, regularly required to use her personal cell phone in the office in a work-related capacity.

37. Regardless of what was explicitly written in the Colonial Beach policies, the pattern and practice of conduct by employees at Colonial Beach – including Ms. Wilkerson's supervisors Mr. Schaefer and Ms. Oakes – was to regularly access personal email, social media, and other non-work websites in downtime between tasks.

38. Ms. Wilkerson did not use her desktop computer outside of the generally accepted practices at the office.

39. Ms. Wilkerson's personal computer use did not prevent her from completing her work in a satisfactory manner.

40. The pattern and practice of conduct by Finance employees at Colonial Beach was to regularly eat lunch at their desks.

41. Ms. Wilkerson did not utilize her lunch break outside of the generally accepted practices at the office.

42. No other Finance employee at Colonial Beach was the subject of adverse action taken over the personal use of their computer, personal use of their phone, and/or discrepancies in time entries, .

43. Ms. Wilkerson performed her job in a satisfactory manner the entire time she worked for Colonial Beach, and she was performing satisfactorily when Colonial Beach fired her.

## COUNT I
## Violation of 29 U.S.C. § 621 et seq.
## Age Discrimination

44. Ms. Wilkerson incorporates by reference the factual assertions set forth in ¶¶1-42 supra.

45. To set forth a prima facie case of age discrimination under the *McDonnell Douglas* framework, Ms. Wilkerson must show: (1) that she is a member of the ADEA protected class, in that she is over 40 years old; (2) she suffered an adverse employment action, in that she was fired by her supervisor on May 15, 2019; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time she was fired; and (4) her position remained open until filled by a lesser or similarly qualified applicant who was outside the protected class. *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006) (requirements for a *prima facie* case of discrimination under the ADEA).

46. Ms. Wilkerson was over 40 years old when she was fired.

47. She was terminated from her position as the Accounts Payable clerk with Colonial Beach, so she suffered an adverse employment action; and

48. She was replaced in that position with Jalessa Hickman, a 28-year old woman.

49. Ms. Wilkerson was satisfactorily performing her job duties, at a level that met her employer's legitimate expectations at the time she was fired.

50. Multiple Colonial Beach supervisors with direct power to affect Ms. Wilkerson's employment position made statements regarding Ms. Wilkerson's age and/or the age of Ms. Wilkerson's replacement, evidencing an intent to fire Ms. Wilkerson due to her age. The statements made by Robertson, the Town Manager, catalogued in ¶25 *supra*, provide direct evidence that Colonial Beach fired Ms. Wilkerson based on her age.

51. The termination of Ms. Wilkerson caused Ms. Wilkerson to lose wages.

52. Robertson's action in terminating Ms. Wilkerson was done willfully and knowingly in violation of the ADEA.

WHEREFORE, the Plaintiff, Sherri Wilkerson, by counsel, moves this Court for a money judgment against the Town of Colonial Beach:

52. Pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b), in an amount equal to her back pay from the position from which she was terminated commencing May 15, 2019 through the date of the judgment.

53. Pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b), in an amount of liquidated damages equal to the amount of her back-pay award determined pursuant to ¶52 *supra*.

54. Pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b), the equitable remedy of an injunction requiring Colonial Beach to reinstate Ms. Wilkerson in the position in which she was terminated or, in the alternative, for front pay, if reinstatement is not a viable option.

55. Ms. Wilkerson moves for an award of pre- and post-judgment interest on any sums awarded.

56. Ms. Wilkerson moves for an award of her litigation costs and attorney's fees pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b).

57. The Plaintiff demands a trial by Jury pursuant to 29 U.S.C. §626(c)(2).

**SHERRI WILKERSON**

By: /s/ Michael L. Donner, Sr.
   Of Counsel

Michael L. Donner, Sr., Esq. (VSB No. 40958)
Matthias J. Kaseorg, Esq. (VSB No. 86421)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
mdonner@setlifflaw.com
mkaseorg@setlifflaw.com
*Counsel for Plaintiff Sherri Wilkerson*